IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEWIS FAULK, GH 7035,<br>    Petitioner,<br><br>    v.<br><br>COMMONWEALTH OF<br>PENNSYLVANIA, et al.,<br>    Respondents. | )<br>)<br>)<br>)  Civil Action No. 07-375<br>)<br>)<br>)<br>) |

Report and Recommendation

I. Recommendation:

    It is respectfully recommended that the petition of Lewis Faulk for a writ of habeas corpus be dismissed and that a certificate of appealability be denied for lack of a viable federal constitutional issue.

II. Report:

    Lewis Faulk, an inmate at the State Correctional Institution at Rockview has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

    Faulk is presently incarcerated serving a sentence which he is not seeking to challenge here. Rather, he seeks to challenge an earlier six to twenty three month sentence imposed, following his conviction, by a jury, of driving under the influence of alcohol, careless driving, disorderly conduct and driving with a suspended or revoked licence at No. 2976C 2001, in the Court of Common Pleas of Westmoreland County, Pennsylvania. This sentence was imposed on

1

May 29, 2003.[1] No appeal was filed.

On June 17, 2003, he was paroled.[2] Subsequently he was charged as a parole violator and a motion to revoke his parole was filed. However, because of the pendency of more serious criminal matters as well as a post-conviction petition filed in this case, the parole violation was never addressed .[3]

After delays which the petitioner attributes to counsel, he filed a pro-se post-conviction petition on February 22, 2005.[4] On October 18, 2005, the post-conviction petition was granted to the extent his direct appeal rights were reinstated.[5]

An appeal was filed in the Superior Court in which the sole issue presented was:

> Whether trial counsel was ineffective in failing to present readily available evidence that appellant was not in arresting officer's primary jurisdiction at the time of the alleged offense?[6]

On August 7, 2006, the Superior Court vacated the reinstatement of the petitioner's appeal rights on the ground that the petition and relief granted were untimely.[7] Specifically, the Court held:

> our scrutiny of the record reveals that Appellant's PCRA petition was not timely filed. Appellant was sentenced on May 29, 2003 and did not file any post-sentence

---

[1] See: Petition at ¶¶ 1-4, and answer at Appendix at p.53a.

[2] See: Answer at ¶ 2.

[3] Id.

[4] See: Petition at ¶ 11E.

[5] See: Appendix at p.65a.

[6] See: Appendix at p.98.

[7] See: Appendix at pp.87a-91a.

motions or a notice of appeal. Thus, his judgment of sentence became final on Monday, June 30, 2003, 30 days after the entry of the original judgment of sentence and the time for filing a direct appeal with this Court expired... A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 95459b)(1). This time requirement is mandatory and jurisdictional in nature and may not be disregarded in order to reach the merits of the petition... Accordingly, Appellant had until June 30, 2004 to file a PCRA petition but did not file the petition that resulted in the reinstatement of his appellate rights until February 22, 2005. Furthermore, Appellant did not explicitly plead any of the timing exceptions provided for in the Act as is required to preserve an otherwise untimely petition ... Thus, the petition was patently untimely, and, despite the fact that the PCRA court granted the petition on its merits, it lacked jurisdiction to do so ... Accordingly, we likewise may not entertain the merits of this appeal.[8]

A petition for allowance of appeal to the Pennsylvania Supreme Court was denied on December 6, 2006.[9]

On or about March 22, 2007, Faulk filed a habeas corpus petition in the Court of Common Pleas and on March 9, 2007 that petition was closed as a result of the lengthy sentence imposed on the other criminal charges.[10]

In the instant petition executed on March 7, 2007, the petitioner contends he is entitled to relief from his Court by reinstating his direct appeal rights.[11] Thus, it would appear that the petitioner here is seeking to challenge the August 7, 2006 determination of the Superior Court that his right to appeal nunc pro tunc was impermissibly granted

There are three questions before this Court for consideration. The first is whether or not

---

[8] See: Appendix at pp. 87a-91a.

[9] See: Appendix at p.135a.

[10] See: Appendix at p.198a.

[11] See: Petition at p.9.

the instant petition is time barred, and only if it is not barred the second question is whether or not the petitioner can meet the custody requirements of § 2254, and only if that question is answered affirmatively, whether there are any merits to the petition.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, an appeal from the May 29, 2003 conviction was never pursued. In Kapral v. United States, 166 F.3d 565 (3d Cir.1999), the Court noted that in the absence of the filing of a petition for review, the judgment becomes final when the time period in which to seek that review expires. Thus, the petitioner's conviction became final on June 28, 2003, when the time in which to seek appellate review expired.[12] The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until February 22,

---

[12] See: Rule 902(a), Pa. R.App.P.

4

2005, or over 20 months after he could have done so. That petition was dismissed as untimely by the Superior Court and for this reason was not a "properly filed" petition. The dismissal of the post-conviction was made by the Superior Court and leave to appeal to the Pennsylvania Supreme Court was denied on December 6, 2006. The instant petition was executed on March 7, 2007. Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred.

Additionally, it should also be noted that there was no impediment created by state law which prevented the petitioner from raising the issues which he seeks to raise here; the grounds which the petitioner alleges in support of the instant petition are not "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" and there is no factual basis for alleging a newly discovered claim. Rather it would appear that as a result of his parole, the petitioner lost interest in this matter until he was charged as a parole violator. Additionally, he has not set forth any bases upon which the issue of equitable tolling applies.[13] Thus, the instant petition is time barred.[14]

The petitioner is put on notice of this proposed recommendation and in the objection process can provide the Court with any appropriate response he deems appropriate as mandated by the decision in United States v. Bendolph, 409 F.3d 155 (3d.Cir.2005)(en banc) cert. denied 126 S.Ct. 1908 (2006).

---

[13] In his Memorandum in support of the petition, Faulk makes reference to the court transcripts which contain conflicting testimony as to whether or not he directed his counsel to file an appeal.

[14] For this reason, we need not consider the other possible issues outlined above, although we do note that it appears that the petitioner is not "in custody" on the conviction he is seeking to challenge nor is he suffering adverse consequences as a result of this conviction. Lackawanna v. Coss, 532 U.S. 394 (2001).

For this reason, it is recommended that the petition of Lewis Faulk for a writ of habeas corpus be dismissed, and that a certificate of appealability be denied.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                        Respectfully submitted,

Dated: May 29, 2007                        Robert C. Mitchell,
United States Magistrate Judge